IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RUSSELL E. PARKER § | |
| § | |
| VS. § | CIVIL ACTION NO.4:06-CV-694-Y |
| § | |
| AMERICAN AIRLINES, INC. § | |

ORDER DENYING MOTION TO DISMISS

Plaintiff Russell E. Parker filed suit in state court alleging handicap and disability discrimination and workers' compensation retaliation in violation of Texas and federal laws.[1] Defendant American Airlines, Incorporated ("American"), removed the action to this Court, and subsequently filed a motion to dismiss (doc. #4) under Federal Rule of Civil Procedure 12(b)(6) and 12(c). American contends that Parker's claims are preempted by the Railway Labor Act, 45 U.S.C. § 181 ("RLA").  After review of the pleadings, the Court concludes that the RLA does not preclude or preempt Parker's federal and state-law causes of action.

I.  Factual Background

American is an air carrier falling under the RLA. *See Golston v. American Airlines, Inc.,* No. 4:02-CV-713-Y, 2004 U.S. Dist. LEXIS 17843, at *1 (N.D. Tex. Sep. 7, 2004)(Means, J.); 45 U.S.C. § 181.  Under the RLA, the National Mediation Board ("NMB") has certified the Transport Workers Union of American ("TWU") as the

---

[1] American also contends that Parker has made a claim for wrongful termination in violation of public policy.  In his response to American's motion to dismiss, Parker explains that he was "not asserting a wrongful discharge claim and his reference to public policy in his pleading were to statutory state-law claims for disability discrimination and Texas workers' compensation retaliation." (Pl.'s Resp. Mot. Dismiss at 8 n.2.)  Thus, the Court concludes that Parker has not asserted a cause of action for wrongful discharge in violation of public policy under Texas law.

statutory collective-bargaining representative for certain employees of American. American and TWU are parties to a collective-bargaining agreement ("CBA") dated April 15, 2003.

Parker was an employee of American and a former member of TWU. He worked for American as an aircraft-maintenance technician ("AMT"). The terms and conditions of Parker's employment were governed by the CBA between American and TWU.

In February 2003, Parker suffered an on-the-job injury when he fell down the stairs of a jet bridge. His injuries required substantial medical treatment and caused him to take a leave of absence. According to Parker, his medical treatment primarily focused on his physical injuries caused by his fall.

Parker fully recovered from his injuries and his doctors gave him a complete release to return to work in April 2005. Upon his return, American required Parker to undergo a series of tests to measure his cognitive skills. Based on the results of the tests, American placed Parker on a permanent work restriction and prohibited Parker from performing any duties that required his sign-off of mechanical flight releases. Because of the restriction, Parker was no longer allowed to resume his duties as an AMT because it required mechanical flight release sign-offs.

When Parker learned of his restriction, he applied for the lesser-skilled and lower-paying position of parts washer. This position, according to Parker, was a manual-labor position and did not require the use of cognitive skills. Parker claims that American approved his application in September 2005, but subse-

quently refused to transfer him to the new position. Parker claims that American refused to reinstate him to a wide variety of jobs that he could perform despite his disability. As a result, Parker contends that he was effectively terminated by American. Parker never filed any grievance with American or his union.

II.  Analysis

A.  Standards

1.  Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) for a failure to state a claim "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)(internal quotations and citations omitted). The court must accept as true all well pleaded, non-conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. *See Kaiser Aluminum*, 677 F.2d at 1050. However, conclusory allegations, unwarranted deductions of fact, or "legal conclusions masquerading as factual conclusions will not suffice to prevent [the granting of] a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *see Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir. 1995). A court should not dismiss a

complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he cannot prove any set of facts in support of his claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser Aluminum*, 677 F.2d at 1050.

2.   Rule 12(c)—Judgment on the Pleadings

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  *Johnson v. Johnson*, 385 F.3d 503, 528 (5th Cir. 2004). Rule 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FED.R.CIV.P. 12(c).  "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."   *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).

In engaging in such a review, the Court must look only at the pleadings; construe the pleadings liberally; and, in analyzing a complaint, accept all well pleaded facts as true and in light most favorable to the plaintiff.  *Id*. at 312.  Consequently, relief pursuant to Rule 12(c) may not be granted "unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint."  *Johnson*, 385 F.3d at

4

528 (citing *Great Plains Trust*, 313 F.3d at 313).

> The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.

*Great Plains Trust Co.,* 313 F.3d at 313.

B.  Discussion

1.  Preemption of State-Law Claim of Texas Workers' Compensation Retaliation

The RLA, which was amended in 1936 to cover the airline industry, establishes a mandatory arbitral mechanism for resolving disputes "'growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 248 (1994)(quoting 45 U.S.C. § 153 First (i)). "Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Id.* at 252. But not all labor disputes grounded in state law are preempted by RLA's mandatory arbitration provisions. *See Id.* at 257 ("'We hold that the enactment by Congress of the [RLA] was not a preemption of the field of regulating working conditions themselves . . . .'")(quoting, *Terminal Railroad Assn. of St. Louis v. Trainmen,* 318 U.S. 1, 6 (1943)). Instead, the RLA limits the "preemption of claims, including state-law claims, to those involving the interpretation

5

or application of a CBA." *Hirras v. Amtrak,* 44 F.3d 278, 281 (5th Cir. 1995)(citing *Hawaiian Airlines,* 512 U.S. at 256). Thus, "'substantive protections provided by state law, independent of whatever labor agreement might govern, are not preempted under the RLA.'" *Hirras,* 44 F.3d at 282 (quoting *Hawaiian Airlines,* 512 U.S. at 257).

Parker's state-law claims include a cause of action for retaliation for filing a workers' compensation claim. American contends that the RLA completely preempts Parker's claim of retaliation because it requires the application and interpretation of, and is inextricably intertwined with, the provisions of the CBA between American and TWU. Parker, on the other hand, argues that his claim is independent of the CBA and does not require its application or construction.

Section 451.001 of the Texas Labor Code provides that "a person may not discharge or in any manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith . . . ." TEX. LAB. CODE § 451.001. Parker bears the initial burden of proof and must demonstrate a casual link between the adverse employment action that he has suffered and the workers' compensation claim—"an element of [his] *prima-facie* case . . . ." *Chhim v. University of Houston, et al.,* 76 S.W.3d 210, 218 (Tex.App.—Texarkana [6th Dist.] 2002, pet. denied). In other words, Parker must show that "but for" his institution of a workers' compensation claim, American's adverse employment action "would not have occurred when it did." *Id.*

Proof of causation can be made by circumstantial evidence or by reasonable inferences drawn from the evidence. *Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 369 (Tex.App.—Dallas [5th Dist.] 2004, no pet.). Parker can satisfy this burden without proving American discriminated against him solely because of his workers' compensation claim. *Chhim,* 76 S.W.3d at 218. Instead, Parker need only show "that the institution of [his claim] was at least a determining factor in the discriminatory conduct." *Id.*

Once Parker has established his *prima-facie* case, the burden shifts to American "to establish a valid, nondiscriminatory reason for that action." *Id.* at 220. American's valid and nondiscriminatory reason must demonstrate that its adverse employment action against Parker "was unrelated to [his] pursuit of workers' compensation benefits." *Id.* Thereafter, the burden shifts back to Parker to prove that American's proffered reason for their adverse employment action "was a pretext for discrimination . . . ." *Benners,* 133 S.W.3d at 369. Thus, the bottom line for a Texas workers' compensation retaliation claim is whether retaliatory conduct occurred.

The gravamen of Parker's claim is that after his injury, after filing a claim for workers' compensation, and after fully recovering and being cleared by his doctors to return to work, American discriminated and retaliated against him by administering a fitness-for-duty medical test, subsequently imposing work restrictions that prevented him from returning to work in his former position as an AMT, and refusing to transfer him to a lesser-

7

skilled and -paying position that did not violate the imposed work restrictions. Parker contends this retaliatory and discriminatory conduct by American effectively terminated his employment.

American responds by arguing that the test they administered was allowed for under the CBA. American also contends that the CBA governs the qualifications for job positions and transfers. And American claims that while Parker was on his leave of absence, it began a reduction-in-force and layoffs in accordance with the CBA. Had Parker not been in a leave-of-absence status, American contends he would have been laid off, but then would be eligible to exercise any bumping or transfer rights under the CBA. Thus, American argues that resolution of this claim necessarily involves the construing and applying of the CBA. The Court disagrees.

A similar issue was addressed in *Anderson v. American Airlines, Inc*, 2 F.3d 590 (5th Cir. 1993). Although *Anderson* predates the Supreme Court's decision in *Hawaiian Airlines,* the Court applied the same standard: "whether [the plaintiff's] state-law claim requires an interpretation of the CBA." *Anderson,* 2 F.3d at 596. The question presented in that case was whether the RLA preempted Anderson's state-law claim of Texas workers' compensation retaliation. *Id.* at 592. The Court concluded that it did not. *Id.*

The Court reasoned that "the basic issue in [a workers' compensation retaliation claim] is whether a retaliatory discharge occurred. Resolution of this issue does not require an interpretation of the CBA." *Id.* at 596 (internal quotations and citations

8

omitted).  The Court, further, recognized that even though either party may use the CBA to support the credibility of its claims, "such reliance does not show that an interpretation of the CBA is necessary to resolve" the workers' compensation retaliation claim.  *Id.*

> In other words, although American may defend against Anderson's . . . claim by arguing that its actions were justified by the CBA and its rules . . ., such reliance does not necessarily transform Anderson's . . . claim into a claim that requires an interpretation of the CBA.

*Id.* at 596-97.  This Court sees no reason to conclude differently here.

The Supreme Court has made clear, "the bare fact that a [CBA] will be consulted in the course of a state-law litigation plainly does not require the claim to be extinguished." *Hawaiian Airlines*, 512 U.S. at 261 n.8.  The Supreme Court has also made clear that state-law rights and obligations that exist independently of the CBA are not preempted.  *Id.* at 260.  And the Supreme Court has emphasized that the RLA "does not grant the parties to a [CBA] the ability to contract for what is illegal under state law. . . . [It] would be inconsistent with congressional intent . . . to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 261 (internal quotations and citations omitted).

Parker's rights under the Texas workers' compensation statute and American's obligations under it are completely independent of any CBA.  What the statute proscribes is any discriminatory conduct

9

on the part of an employer in retaliation for an employee's exercising his rights under the statute. On the face of the pleadings, such an inquiry does not require an interpretation or an application of the CBA. By contrast, it requires the resolution of a factual question: Was American's adverse employment action against Parker caused and motivated by his decision to file a workers' compensation claim? Thus, the fact that American may have acted completely within the bounds of the CBA is irrelevant if its motivation to apply the relevant provisions of the CBA was Parker's filing of a workers' compensation claim. *See Lingle v. Norge Division of magic Chef, Inc.*, 486 U.S. 399, 407 (1988).[2] Thus, the Court holds that the RLA's mandatory arbitration provisions do not preempt Parker's Texas workers' compensation retaliation claim.

2.  Disability Discrimination Under the Americans with Disabilities Act ("ADA") and the Texas Commission on Humans Rights Act ("TCHRA")

Arbitral boards established under the RLA enjoy exclusive jurisdiction to resolve all disputes requiring the construction or application of a CBA regardless of whether the dispute involves a state-law claim or a federal claim. *Tice v. American Airlines, Inc.*, 288 F.3d 313, 314 (7th Cir. 2002)(Posner, J.). When applied to a state-law claim, the RLA is said to preempt. But when applied

---

[2] In *Lingle,* the Supreme Court held that an Illinois workers' compensation retaliatory discharge claim was not preempted because it involved purely questions of fact and did not require the interpretation of a CBA. *Lingle,* 486 U.S. at 407, 411.

10

to a federal claim, the RLA is said to "preclude."[3]  *See Hawaiian Airlines,* 512 U.S. at 259 n.6; *Tice,* 288 F.3d at 314(holding RLA precluded federal age-discrimination claim); *Rodee v. American Airlines, Inc.,* No. 4:03-CV-1193-Y, 2004 WL 2866969 *2 (N.D. Tex. 2004)(Means, J.)(holding RLA precluded federal age-discrimination claim).

Under both federal and Texas statutes, an employer is prohibited from discharging or otherwise discriminating against an employee because of a disability.  *Hartis v. Mason & Hanger Corp.,* 7 S.W.3d 700, 702 (Tex.App.—Amarillo [7th Dist.] 1999, no pet.); *see also Holtzclaw v. DSC Communications Corp.,* 255 F.3d 254, 258 (5th Cir. 2001).  To establish a *prima-facie* case, Parker must show that (1) he suffers from a disability as defined by the statutes; (2) that he was qualified for his job; (3) that he experienced an adverse employment action; and, (4) that American replaced him with a nondisabled person or treated him less favorably than nondisabled employees.  *See Daigle v. Liberty Life Insurance Co.,* 70 F.3d 394, 396 (5th Cir. 1996); *Wal-Mart Stores, Inc. v. Canchola,* 121 S.W.3d 735, 739 (Tex. 2003).

Like the workers' compensation retaliation claim above,

---

[3] Many courts have used the term "preemption" when analyzing whether the RLA's provision for mandatory arbitration of claims involving the interpretation or application of a CBA forecloses a federal court from deciding federal claims. "Preemption," however, is a legal term of art that refers to the application of the principles of federalism to determine whether certain federal laws take precedence over and displace state laws.  *See* BLACK'S LAW DICTIONARY 1177 (6th ed. 1990).  Federalism concerns do not inform a court's evaluation of the compatibility of two or more federal statutes.  Thus, for precision's sake, the better term when deciding whether the RLA's mandatory arbitration provision forecloses a federal court from adjudicating other federal claims is "preclusion."

11

Parker's disability claims under both federal and state law do not require the Court to construe or apply the CBA. And like his workers' compensation claim above, the inquiry is a factual one. Thus, on the face of the pleadings, Parker's disability discrimination claims can be resolved without any reference to the CBA.

> The ADA provides a more extensive and broader ground for relief, specifically oriented towards the elimination of discriminatory employment practices, and, thus, is not preempted by the [RLA]. . . . Because federal law, and not the [CBA], is the source of [a plaintiff's] discrimination claim, the RLA does not [preclude] the claim.

*Pittari v. American Eagle Airlines, Inc.*, 468 F.3d 1056, 1061 (8th Cir. 2006)[4]; *Saridakis v. United Airlines,* 166 F.3d 1272, 1277 (9th Cir. 1999)(holding RLA did not preclude airline mechanic employee's ADA claim); *but see Brown v. Illinois Central R.R.,* 254 F.3d 654, 664-65 (7th Cir. 2001)(holding RLA precluded ADA claim because interpretation of CBA was dispositive of ADA claim). Accordingly, the Court holds that the RLA does not preclude and preempt Parker's federal and state disability discrimination claims.

III. Conclusion

For the reasons stated above, the Court concludes that Parker's federal and state-law claims are not precluded or preempted by the RLA's mandatory arbitration mechanism. Accord-

---

[4] In *Pittari,* American Eagle argued, unsuccessfully, that Pittari's ADA claim was dependent on an interpretation of the CBA because the CBA set forth the standards and procedures for determining whether a flight attendant should be removed from flight status due to an impairment. *Pittari,* 468 F.3d at 1060.

ingly, American's motion to dismiss [doc. #4] is DENIED.[5]

SIGNED April 3, 2007.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5] The Court emphasizes that its decision is made in the context of a Rule 12(b)(6) and Rule 12(c) motion to dismiss.  Should the evidence establish, however, that an interpretation and application of the CBA would be dispositive of any one of Parker's claims, an appropriate Rule 56 motion for summary judgment may be filed at the appropriate time under the Court's initial scheduling order. *See Golston,* 2004 U.S. Dist. LEXIS 17843 at *9; *see also Brown,* 254 F.3d at 664-65 ("We feel that the best way to harmonize these two statutes is to allow a plaintiff employee to bring an ADA claim in federal court against his employer (even if his employment is governed by a CBA which is subject to the RLA), *unless* the resolution of his ADA claim requires the court to interpret the CBA's terms as a potentially dispositive matter.")(Emphasis in original.).

TRM/flg                              13